NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES DIMRY,

                    Plaintiff-Appellee,

     v.

BERT BELL/PETE ROZELLE NFL
PLAYER RETIREMENT PLAN; et al.,

                    Defendants-Appellants.

No.   20-17049

D.C. No. 3:19-cv-05360-JSC

MEMORANDUM*

CHARLES DIMRY,

                    Plaintiff-Appellant,

     v.

BERT BELL/PETE ROZELLE NFL
PLAYER RETIREMENT PLAN; et al.,

                    Defendants-Appellees.

No.   20-17124

D.C. No. 3:19-cv-05360-JSC

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted July 6, 2021
San Francisco, California

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and LEE, Circuit Judges, and VRATIL,[**] District Judge.

These cross-appeals arise from an action to recover long-term group disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Charles Dimry has won two favorable federal court judgments ("Dimry I" and "Dimry II") against the Bert Bell/Pete Rozelle NFL Player Retirement Plan, The NFL Player Supplemental Disability Plan, and the plan administrator, the Retirement Board (collectively, the "Plan"), on account of their denials of his application for total and permanent disability benefits. On appeal, the Plan (Appellant/Cross-Appellee) challenges the Dimry II judgment. Dimry (Appellee/Cross-Appellant) cross-appeals.

Reviewing for abuse of discretion the Plan's denial of benefits, Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan, 410 F.3d 1173, 1178 (9th Cir. 2005), we affirm on the ground that the Plan committed procedural error in evaluating Dimry's claim under ERISA, and we remand to the district court with instructions to determine whether Dimry is entitled to benefits.

1.      Section 1133 of Title 29 requires that every ERISA plan administrator must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the

---

[**]      The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

decision denying the claim." In the Ninth Circuit, "full and fair review" cannot be achieved without "a meaningful dialogue between ERISA plan administrators and their beneficiaries." Booton v. Lockheed Med. Ben. Plan, 110 F.3d 1461, 1463 (9th Cir. 1997). This standard includes requesting "more information [when] needed to make a reasoned decision." Id. A plan administrator fails to meet this duty when its communications are opaque or nonexistent. Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863, 873 (9th Cir. 2008).

We agree with the district court in Dimry II that the Plan's actions on remand, following Dimry I, violated the requirement of "meaningful dialogue between ERISA plan administrators and their beneficiaries." Booton, 110 F.3d at 1463. Dimry and his counsel were in the dark during the entirety of the remand process. The Plan did not notify Dimry that the remand process had begun or indicate how the process would take place. The Plan concluded that the record required supplementation but did not inform Dimry that it intended to reopen the record for reports from Dr. Allen Jackson, the Plan's Medical Director, or allow Dimry the opportunity to respond to those reports. We therefore affirm the district court's finding that the Plan denied Dimry a full and fair review under ERISA.

2.      Because the Plan committed procedural error by excluding Dimry from the process following remand, we remand to the district court with directions to determine whether Dimry is entitled to benefits.

Where procedural irregularities have prevented full development of the administrative record, the district court "must permit the participant to present additional evidence." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 973 (9th Cir. 2006) (en banc). After taking into account all of the evidence and "determining the degree of deference (if any)" owed to the Plan, "the district court must then determine whether [the beneficiary] is permanently disabled." Saffon, 522 F.3d at 873; see also Abatie, 458 F.3d at 974 (remanding to district court rather than plan administrator).

Here, the Plan violated ERISA by not giving Dimry a chance to participate at the administrative level. Dr. Jackson's reports resulted in a final decision that revised the Plan's reasons for denial. Yet the Plan excluded Dimry from dialogue about Dr. Jackson's reports and told Dimry to revise his lawsuit rather than discuss the changes with the Plan. The parties agree that, if a remedy is necessary, we should not remand to the Plan. They mutually prefer to have the district court decide Dimry's entitlement to benefits, and their preference aligns with our precedent. Saffon, 522 F.3d at 873; Abatie, 458 F.3d at 974.

**AFFIRMED in part and REMANDED.**